■    In the Matter of the Claim of ANNE STEIN, Respondent, v. HARRY SCHNEIDER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — GREENBLOTT, J. Appeal from decisions of the Workmen's Compensation Board, filed May 9, 1969 and October 15, 1969, awarding claimant benefits. The sole issue on appeal is whether there is substantial evidence to support the finding of accidental injury. Claimant was employed as a dental assistant for appellant for approximately 13 years. In April, 1968 she experienced severe pain in her legs while at work. The board found that she had sustained an accidental injury caused by repeated traumas in frequently striking her legs against protruding objects in the course of her work in the employer's office. Appellant contends that accidental injury has not been established. Respondent's consulting surgeon testified that the constant striking of her leg against objects in appellant's office was a competent producing cause of the phlebitis from which he found her to be suffering. Although respondent was unable to pinpoint a specific incident as causing her condition, her testimony that she suddenly experienced severe pains in April, 1968 was sufficient to establish accidental injury within the meaning of the Workmen's Compensation Law. The definite time requirement essential to proof of accidental injury may be satisfied by suddenness of either cause or result (*Matter of Greensmith* v. *Franklin Nat. Bank*, 21 A D 2d 576, affd. 16 N Y 2d 973), and it is not decisive that

respondent is unable to specify the exact date on which the incident occurred. (See *Matter of Lillis* v. *Hard Mfg. Co.*, 13 A D 2d 598, affd. 11 N Y 2d 867.) The board's finding of accidental injury is supported by substantial evidence and its determination must therefore be affirmed. Decision filed October 15, 1969 affirmed, with costs to the Workmen's Compensation Board. Appeal from decision filed May 9, 1969 dismissed as academic, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.