■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HUGH WOLZER, Appellant.—Judgment, County Court, Ulster County, rendered on August 29, 1974, affirmed. (See *People v Wolzer,* 41 AD2d 679.) Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of WILLIAM F. ALLEN, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 15, 1974. Claimant worked as a laborer for the A & P in its canning department. The record reveals that after lifting, carrying and stacking heavy cases off a conveyor line on December 26, 1972, he developed pain in his back. The board found that claimant suffered an accident during his employment on or about December 26, 1972 within the meaning of the Workmen's Compensation Law. Appellants contend that there is no substantial evidence that claimant sustained an accidental injury. The sole issue for our determination is whether the board's finding that claimant sustained a compensable accident is supported by sufficient evidence. We believe it is. The record contains evidence that claimant handled some 300 32-pound cases per hour during the day on which he first experienced the pain in his back. His foreman testified that this was not his usual job. Dr. Siliciano testified he first saw claimant on January 5, 1973 at which time claimant stated he had lifted heavy boxes on December 26, 1972 and developed pain in his lumbar area. Claimant denied any previous back problem. The fact that there is no evidence of a sudden seizure of pain does not defeat claimant's claim of accidental injury. There is proof that the pain started after the lifting of the heavy boxes. We have repeatedly held that the definite time requirement essential to proof of accidental injury may be satisfied by suddenness of either cause or result. *(Matter of Suber v Hope's Windows,* 38 AD2d 656; *Matter of Stein v Schneider,* 34 AD2d 1062.) The board's finding, in our view, is supported by substantial evidence and must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.