■ In the Matter of the Claim of MACK ERREA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1974, which reversed the decision of a referee overruling the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective November 10, 1973 because he left his employment without good cause by provoking his discharge. Although the original decision was based on the now discredited theory of provoked discharge, the board's modification thereof to a finding of misconduct was amply warranted on the record before it. Testimony, exhibits and claimant's own admissions provided overwhelming evidentiary support for the board's factual determination that claimant was the aggressor in striking a coworker and its conclusion that such action rose to the level of misconduct should not be disturbed (cf. *Matter of James [Levine],* 34 NY2d 491). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.

■ In the Matter of the Claim of DEBORAH A. DI LORENZO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1974, which reversed a referee's decision and sustained the Industrial Commissioner's initial determination that the claimant was disqualified from benefits because she voluntarily left her employment without good cause. The claimant admits she left her work by a resignation and the record contains substantial evidence to support the finding of the board that it was voluntary and without good cause. While the claimant was going to be limited to doing one type of clerical work, it was the type of work for which she was hired. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of VICTOR LAGATTOLIA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 1974, which disqualified claimant from receiving benefits on the ground he voluntarily left his employment without good cause. Where there is contradictory proof in the testimony and in claimant's application for benefits and his summary of insurance interview, issues of fact and credibility are presented for the board's determination. Although the employer and claimant testified that claimant was laid-off due to lack of work, the board was not required to accept such testimony. Taking the record in its entirety, we conclude that the determination is supported by substantial evidence and we must affirm. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.