■ In the Matter of the Claim of GIFFORD MAJOR, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective March 23, 1974 because he lost his employment through misconduct in connection therewith. Claimant does not dispute his awareness of his former employer's rule against altercations among employees regardless of provocation, but contends that he did not strike a coemployee as was found by the board to have been the cause for his discharge. His argument is wholly unpersuasive. Substantial evidence supports this finding as it was based upon admissions, eyewitness testimony and circumstantial proof to the effect that claimant, during an argument with a coemployee, struck him with his fist. The injured worker's later account that he slipped and fell was properly rejected on the basis of his credibility and the board's conclusion that claimant's conduct rose to the level of misconduct is amply justified *(Matter of James [Levine]*, 34 NY2d 491; *Matter of Errea [Levine]*, 50 AD2d 626). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of GERALD THORNTON, Respondent, v HOTEL WELLINGTON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed February 7, 1974 and February 28, 1975, which held that claimant was entitled to a compensation award because he had sustained an accidental injury within the meaning of the Workmen's Compensation Law. On this appeal, the sole question presented is whether there is substantial evidence in the record to support the board's finding of accidental injury. Claimant had been employed by the Hotel Wellington as a desk clerk, cashier and switchboard operator for approximately one year when, in June of 1972, he became disabled and was forced to stop working. Some years earlier, his right leg had been amputated at a point below the knee, and his physician, Dr. Clark, diagnosed the present disabling condition as cellulitis of the stump of the right knee amputation caused by his being on his feet working with the aid of a prosthetic device for 8 to 16 hours a day. Although appellants contend that an accidental injury has not been established here because there is no evidence of an incident specifically identifiable in space and time which caused the cellulitis, claimant did testify as to the onset of the condition in May of 1972 as evidenced by bleeding and unbearable pain. In our opinion, this testimony and the reports of Dr. Clark are sufficient to establish an accidental injury, (cf. *Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130; *Matter of Stein v Schneider*, 34 AD2d 1062), and, accordingly, the board's determination is supported by substantial evidence and must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.