■ In the Matter of the Claim of GORDON GILL, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 1979. Claimant worked as a telephone installer for a public utility. On May 3, 1978, shortly after his work shift ended, claimant was arrested and charged with selling marihuana to undercover policemen. He was not on company property at the time. This incident led to claimant being discharged from his employment on May 9, 1978 and he subsequently applied for unemployment insurance benefits. Although the initial determination by the local office found claimant to be disqualified from receiving benefits because he lost his employment through misconduct in connection therewith, it was overruled by the Administrative Law Judge who held that any misconduct on claimant's part was not in connection with his employment since it did not occur on the job and did not bear any direct relationship to the duties he performed. This decision was affirmed by the board. Although no appeal was taken from the board's decision granting benefits to claimant, the employer applied to the board to reopen and reconsider its decision. The basis for this application was claimant's plea of guilty to the crime of criminal sale of marihuana in the third degree, a class E felony, arising out of the events of May 3, 1978. The board rescinded its prior decision, found claimant disqualified from receiving benefits due to misconduct and criminal activity in connection with his employment, and ruled that the $1,333.75 in benefits which claimant had received were recoverable. This appeal ensued. In view of the new evidence which was presented to it, we cannot say that the board abused its discretion in deciding to reopen and reconsider its prior decision (see *Matter of Sinacori [Levine]*, 46 AD2d 973). Since there is substantial evidence to support the finding that claimant's activities were "in connection with" his employment (Labor Law, § 593, subds 3, 4), the board's determination denying benefits due to misconduct and criminal activity must be affirmed. We would, however, like to comment on the conduct of the Attorney-General in this matter. By letter dated June 11, 1980, he indicated that he would not be filing a brief in this case since it was the employer, rather than the Industrial Commissioner, who appealed the Administrative Law Judge's decision to the board. Despite this pronouncement that he would not be participating in the instant appeal, the Attorney-General then wrote two letters to this court, dated August 15, 1980 and September 3, 1980, in which he "offer[ed] his assistance to the Court" in resolving the legal issues presented. When these letters drew criticism from both the claimant and employer, the Attorney-General wrote yet another letter, dated September 5, 1980, explaining that his prior letters were not submitted on behalf of the Industrial Commissioner but were instead "in the nature of *amicus curiae* guidance to the Court on the general legal issues involved in this litigation". The Attorney-General further wrote that the position he was advocating in his letters was contrary to that taken by the Industrial Commissioner. Section 624 of the Labor Law commands that the Industrial Commissioner "shall be represented" in court by the Attorney-General on unemployment insurance appeals. We do not believe that either the letter or the spirit of section 624 is met when the Attorney-General advocates a position at variance with that of his client. Furthermore, any attempt to assist the court in the resolution of legal principles, either on behalf of one's client or in those situations where *amicus curiae* assistance is proper (cf. *210 East 68th St. Corp. v City Rent Agency*, 34 NY2d 552), should proceed by the

submission of formal briefs pursuant to court rules. Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Casey and Herlihy, JJ., concur.