■ In the Matter of the Claim of SERENA BLAIR, Appellant. MERCY HOSPITAL, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 30, 1982, which disqualified claimant from receiving unemployment benefits because she lost her employment through misconduct. Following her conviction upon a plea of guilty of criminally possessing marihuana, a misdemeanor, claimant, a nurse's assistant, was discharged from her hospital position. The administrative law judge determined that her discharge was for job-related misconduct, thus barring claimant from obtaining unemployment benefits. The appeal board agreed and this appeal ensued. We affirm. Notwithstanding that the marihuana was discovered during a police search of claimant's apartment, given the nature of her work, possession of the substance was properly found to have constituted misconduct in connection with her employment (see *Matter of Gill [New York Tel. Co. — Ross]*, 78 AD2d 749). Hospital officials testified that her discharge was predicated upon the riskiness of allowing a convicted drug offender, whose duties included patient care, to continue working in an environment where there was considerable access to controlled substances. Furthermore, the hospital's personnel policies handbook, which claimant acknowledged receiving, explicitly warns that conviction of a crime can lead to disciplinary action including termination. We also note that the search of claimant's apartment uncovered the presence of hospital syringes and that removal of the syringes from the hospital was prohibited by hospital policy. Clearly, the board's determination was supported by substantial evidence. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN WRIGHT, Defendant. — Motion by defendant for extension of time to perfect appeal from wording of order dismissing criminal charges. Motion denied and appeal dismissed on the ground that such order is not appealable. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.