■ In the Matter of RICHARD S. ZAZYCKI, Petitioner, v CITY OF ALBANY et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Public Safety of the City of Albany which discharged petitioner from the Albany Fire Department. The facts are undisputed. In July, 1980, petitioner was employed by the Fire Department of the City of Albany in a civilian position designated as communications officer. He also served as a part-time police officer for the Town of North Greenbush. While discharging the duties of a police officer, petitioner became involved in an incident with an individual

named Dennis Sinnott and a fellow police officer named Thomas Mahan. As an accommodation to Mahan petitioner falsely accused Sinnott of committing a crime by executing a complaint charging Sinnott with the crime of aggravated harassment, a class A misdemeanor. Subsequently, petitioner was indicted by the Rensselaer County Grand Jury and on December 15, 1981 pleaded guilty to the third count of the indictment charging official misconduct in full satisfaction of all charges. On April 8, 1982, petitioner was served with disciplinary charges by the City of Albany accusing him of misconduct in violation of certain rules and regulations of the Albany Fire Department, pursuant to which he was suspended without pay. On May 11, 1982, a departmental disciplinary hearing was held pursuant to section 75 of the Civil Service Law. At the conclusion of the hearing, the hearing officer recommended that petitioner be discharged from the Albany Fire Department. The Commissioner of the Department of Public Safety adopted the findings of fact and conclusions of law of the hearing officer and dismissed petitioner effective June 16, 1982. This transferred CPLR article 78 proceeding ensued. While it is true that the hearing officer reported that "The testimony showed * * * that with the exception of the incident involved in the charges, Mr. Zazycki's work record is unblemished", it is equally true that petitioner, while discharging the duties of a police officer, did, with calculated intent, falsely accuse an innocent private citizen with the commission of a crime. The meanness of the act enlarges the moral turpitude disclosed and, unquestionably, would compel dismissal from the police department of North Greenbush if resignation had not been required as a condition of the plea bargain (see *Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of Sauer v Connelie,* 71 AD2d 770, affd *sub nom. Matter of Sauer v Carey,* 50 NY2d 858; *Matter of Shedlock v Connelie,* 66 AD2d 433, affd 48 NY2d 943). Turning to the issue of whether misconduct by persons while off duty and away from the workplace can be the predicate for discipline pursuant to the provisions of section 75 of the Civil Service Law, we conclude that a fair reading of section 75 does not preclude the imposition of discipline on a civil service employee who is guilty of misconduct during off-duty hours. Therefore, we find that respondent commissioner's act of terminating petitioner as a civilian dispatcher and communications officer with the Albany Fire Department was supported by substantial evidence (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). While the hearing officer articulated five separate grounds supportive of his recommendation for dismissal, we confine our review to the finding that petitioner's misconduct "raises serious questions as to his integrity in the future performance of his duties as an Albany communications officer". Public employers have not only the right, but the obligation to maintain uncompromised integrity within their ranks (see *Binghamton Civ. Sev. Forum v City of Binghamton,* 44 NY2d 23, 31 [Wachtler, J., dissenting]). Here, we have a part-time public officer who, for no other reason than to accommodate a fellow officer who had a grievance against another, falsely accused such other person with the commission of a serious crime. Such a calculated, iniquitous act, in our view, constitutes a callous disregard of morality, decency and ethics and constitutes unfitness for the public position he holds in the Albany Fire Department. In that position, petitioner monitors fire and other emergency phone calls and dispatches appropriate personnel and equipment in response to same. He is also charged with the maintenance of a variety of records related to the many emergencies to which the fire department must respond. The careful discharge of such duties is directly related to the efficient operation of the municipal fire department and the safety of the property and lives of the citizenry that department serves. Since the City of Albany has an obligation of maintaining uncompromised integrity

in such critical departments as police and fire and should not be unduly restricted in its power to dismiss those employees who participate in criminal acts (cf. *Board of Educ. v Areman,* 41 NY2d 527; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774), we cannot say that respondent commissioner's act of disciplining petitioner was not supported by substantial evidence. Neither can we say that the penalty of termination was so disproportionate to the admitted misconduct as to shock one's sense of fairness. Finally, since this disciplinary action pursuant to section 75 of the Civil Service Law necessarily entailed the service upon petitioner of specific charges together with the right to be represented by counsel and to challenge such charges, no rights under the Fourteenth Amendment to the Federal Constitution were abridged. With respect to the issuance by the sentencing criminal court of a certificate of relief from disabilities and forfeitures pursuant to article 23 of the Correction Law, we have held that subdivision 3 of section 701 of the Correction Law provides that a certificate of relief does not prevent an administrative body from relying on a conviction as the basis for the exercise of its disciplinary power (*Matter of Carillo v Axelrod,* 79 AD2d 772, mot for lv to app den 53 NY2d 607). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.