In the Matter of the Claim of ISIDORE MARKOWITZ, Respondent. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Appellant.

Third Department, June 16, 1983

**APPEARANCES OF COUNSEL**

*Frederick A.O. Schwarz, Jr., Corporation Counsel* (*Edward F.X. Hart* of counsel), for New York City Human Resources Administration, appellant.

*William F. Reynolds* for respondent.

**OPINION OF THE COURT**

MAIN, J.

Claimant had worked for approximately 15 years as a budget and fiscal analyst for the Human Resources Administration of the City of New York when he was discharged effective April 29, 1981. The duties that his position entailed included reviewing and developing budget proposals, formulating policies and procedures for funding of community programs and monitoring grants and expenditures by his agency. His termination was a consequence of certain incidents which led to his being indicted, pursuant to subdivision (b) of section 201 of title 18 of the United States Code, on 10 felony counts of bribing a public official in connection with immigration matters while represent-

ing aliens. Following a jury trial, he was ultimately convicted of 10 counts of the lesser felony of knowingly giving gratuities to a public official in violation of subdivision (f) of section 201 of title 18 of the United States Code and sentenced to nine months' imprisonment and three years' probation. After he served 11 weeks in prison on these convictions between August and November of 1980, he returned to work for the municipal agency, which instituted administrative hearings, pursuant to section 75 of the Civil Service Law, seeking his removal for misconduct. At the conclusion of these hearings, the commissioner of the agency decided that claimant should be dismissed from his position because he had been convicted of a Federal crime involving moral turpitude, and claimant was informed of this decision by letter dated April 29, 1981. He subsequently filed an application for unemployment insurance benefits, and it is the board's approval thereof which the employer and the Commissioner of Labor now challenge on this appeal.

We hold that the board's decision should be reversed, and in so ruling we recognize that generally a claimant is disqualified from receiving benefits as a result of misconduct only if his misconduct was "in connection with" his employment (see Labor Law, § 593, subds 3, 4; *Matter of Hunt [General Elec. Co. — Ross]*, 84 AD2d 622; *Matter of Gill [New York Tel. Co. — Ross]*, 78 AD2d 749). Upon this question it should likewise be emphasized, however, that an employee also has an obligation, even during his off-duty hours, to honor the standards of behavior which his employer has a right to expect of him and that he may be denied unemployment benefits as a result of misconduct in connection with his work if he fails to live up to this obligation (see *Matter of Zazycki v City of Albany*, 94 AD2d 925; Ann., 89 ALR2d 1089, 1090).

Here, it seems apparent from an examination of the record that claimant's actions which resulted in his felony convictions did not directly relate to his employment in the manner commonly found in most unemployment insurance claims. Nonetheless, he was concededly employed as a civil servant with a public trust by a government agency which, being directly accountable to the taxpaying citizenry for its

support, must necessarily maintain the highest standards of integrity and incorruptability. Moreover, claimant stands convicted of engaging in the felonious corruption of a public official during the period when he was employed in a sensitive position wherein it was his responsibility to exercise discretionary power over financing and budgetary matters for the agency. Given these circumstances, the continued presence in a responsible position at the agency of a convicted felon, such as claimant, would constitute a genuine threat to the integrity of the agency and also reflect unfavorably upon the agency in the eyes of the general public. Accordingly, in our judgment, claimant's conduct, which evinced a conscious and intentional disregard of standards of behavior which his employer had a right to expect of him, mandates a determination that he was guilty of misconduct in connection with his employment, as a matter of law, so as to disqualify him from receiving unemployment insurance benefits.

The decision should be reversed, without costs, and the employer's objection to claimant's entitlement to benefits should be sustained.

MAHONEY, P. J., SWEENEY, CASEY and WEISS, JJ., concur.

Decision reversed, without costs, and employer's objection to claimant's entitlement to benefits sustained.