◼ In the Matter of the Claim of THOMAS CARYL, Respondent. MORTON SALT DIVISION OF MORTON THIOKOL, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 21, 1982, which ruled that claimant was entitled to receive benefits. Claimant had worked for his employer in its container department for approximately six years prior to his termination for misconduct on October 2, 1981. That department, shortly before, had been cited for an exceptionally high efficiency rating which for the fourth year in a row surpassed that of any other like department in Morton's country-wide plant system. The management, in an apparent attempt to demonstrate its appreciation to the department's personnel and to promote continued interest in repeating the splendid record, hosted a party which included a cocktail hour, dinner and an appropriate program. The record reveals that claimant, not about to stifle a generous impulse, admittedly partook freely and enthusiastically of the alcoholic beverages made available. During the dinner, claimant's antics included throwing objects at people seated at the other tables and in harassing several waitresses to the point where they refused to continue serving. This conduct continued despite staunch efforts by a co-worker who sought to quiet claimant. When the program began, claimant continued his disruptive conduct by greeting the speakers with obscene gestures and loud insulting comments wherein he let it be known, *inter alia*, that he had no concern for the department or its achievements. When the program was finally completed, several of his superiors and co-workers attempted to dissuade him from driving his car home and offered to provide him with alternate means of transportation. His response was to attempt to kick one of his superiors and threaten to throw his supervisor through a window. When he began to destroy its property, the inn's management summoned the police, who promptly placed claimant under arrest and ushered him out. Claimant does not deny that he committed the numerous transgressions attributed to him. The board, in reversing the administrative law judge, found that claimant's conduct was

reprehensible but ruled that he was entitled to benefits since it was not in connection with his employment. We are unable to so conclude. There is no question that claimant's deportment at the company awards dinner rose to the level of misconduct warranting the denial of benefits (see *Matter of Levick* [*Ross*], 53 AD2d 950; *Matter of Williams* [*Levine*], 51 AD2d 1094). Generally, a claimant is disqualified from receiving benefits only if his misconduct was "in connection with" his employment (Labor Law, § 593, subds 3, 4; see *Matter of Hunt* [*General Elec. Co. — Ross*], 84 AD2d 622; *Matter of Gill* [*New York Tel. Co. — Ross*], 78 AD2d 749). This gratuitous dinner and program sponsored by the employer was in the interest of the employees as well as·the employer and was an event that all employees were expected to attend. Though the claimant was, of course, not in the course of his employment during this affair, the event was surely "in connection with" his employment (*Matter of Gill* [*New York Tel. Co. — Ross*], *supra*). Moreover, we have recently held, consistent with the language of the statute "in connection with", that an employee also has the obligation, even during his off-duty hours, to honor the standards of behavior which an employer has a right to expect of him and that he may be denied benefits as a result of his failure to live up to that obligation (*Matter of Markowitz* [*New York City Human Resources Admin. — Roberts*], 94 AD2d 155; see, also, *Matter of Zazycki v City of Albany,* 94 AD2d 925; Ann., 89 ALR2d 1089, 1090). Claimant's conduct demonstrating a contemptuous and intentional disregard of reasonable standards of behavior was misconduct as a matter of law and disqualified claimant from entitlement to unemployment insurance benefits. The decision should be reversed and the employer's objection to claimant's entitlement to benefits should be sustained. Decision reversed, without costs, and employer's objection to claimant's entitlement to benefits sustained. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.