■ In the Matter of the Claim of WILFREDO RIVERA, Respondent. FAIRCHILD REPUBLIC COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 27, 1983, which ruled that claimant was entitled to receive benefits. The sole issue on this appeal is whether there is substantial evidence in the record to support the Unemployment Insurance Appeal Board's finding that claimant was not disqualified from receiving benefits for losing his employment through misconduct in connection therewith (see Labor Law, § 593, subd 3). Claimant was discharged for assaulting an umpire during the course of a softball game on the employer's premises. The teams were composed entirely of employees and were part of a company intramural league. The employer provided the field and contributed some money toward equipment. The umpires were obtained through an umpires' association and were paid by the employer. The employees purchased their own uniforms and also paid a fee which was used to purchase additional equipment. Participation in the league was purely voluntary and the games were played after regular working hours. The employees who participated received no additional compensation or other consideration from the employer. Not every discharge for cause constitutes misconduct within the meaning of subdivision 3 of section 593 of the Labor Law (*Matter of Hulse* [*Levine*], 41 NY2d 813, 814). Thus, although an employer has the right to discharge an employee, whether the employee's acts amount to "misconduct" is always reviewable (*Matter of Guilizia* [*Ross*], 72 AD2d 868). Here, the board determined that claimant's assault of the umpire was not misconduct in connection with his employment. In view of the proof that participation in the softball games, which had no relation to the actual work performed by the employees, was purely voluntary and occurred after regular working hours, there is substantial evidence to support this determination, despite the fact that the games were played on the employer's premises. The board's decision must, therefore, be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). I respectfully dissent. Claimant voluntarily chose to participate in the employer's intramural softball league and was the manager and third

baseman of his team. The employer provided the playing fields, made substantial monetary contributions for the purchase of equipment, paid the umpires who were assigned to officiate the games by the umpire's association and provided workers' compensation coverage for the players. During a regularly scheduled game, the umpire made a call that was adverse to claimant and his team whereupon claimant rushed the umpire while directing a stream of profanities at him. When he grabbed the umpire's shirt and tore it, he was temporarily restrained by his teammates, but as the umpire walked away, claimant charged him and knocked him to the ground with such force as to cause the fracture of the umpire's left humerus. As a result of the incident, claimant was discharged and applied, thereafter, for unemployment benefits. In reversing the administrative law judge's decision denying benefits, the board found that the incident was unconnected with claimant's employment and awarded benefits. The employer appeals from that determination. It cannot be seriously argued that claimant's behavior did not rise to the level of misconduct (*Matter of Finelli [Levine]*, 52 AD2d 681; *Matter of Errea [Levine]*, 50 AD2d 626; *Matter of Major [Levine]*, 50 AD2d 1027). Moreover, claimant violated a known reasonable rule of employment, i.e., prohibiting fighting on company property. On the issue of whether the incident was "in connection with" employment (Labor Law, § 593, subds 3, 4), I must take issue with the majority. Though claimant was not, as the majority holds, in the course of his employment, the softball game and subsequent assault were surely "in connection with" that employment (see *Matter of Gill [New York Tel. Co. — Ross]*, 78 AD2d 749). As this court recently held in *Matter of Caryl (Morton Salt — Roberts)* (96 AD2d 989), an employee also has the obligation, even during his off-duty hours, to honor the standards of behavior which an employer has a right to expect of him and the employee may be denied benefits as a result of his failure to live up to that obligation (*Matter of Markowitz [New York City Human Resources Admin. — Roberts]*, 94 AD2d 155, 156; see, also, *Matter of Zazycki v City of Albany*, 94 AD2d 925; Ann., 89 ALR2d 1089, 1090). In my view, claimant's intentional and blatant assault completely disregarded all reasonable standards of behavior, constituted misconduct as a matter of law and disqualified claimant from entitlement to benefits. The decision should be reversed and the employer's objections should be sustained.