■ In the Matter of the Claim of JULIUS A. BRUGGEMAN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1983, which ruled that claimant was ineligible to receive benefits, charged him with a recoverable overpayment of benefits and imposed a forfeiture of effective days. ¶ The board found that claimant's suspension by his employer for criminal misconduct was properly made and that he had violated an implied condition of employment by committing an act involving moral turpitude. Additionally, the board found (1) that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment through an act constituting a felony in connection therewith; (2) that claimant was overpaid the sum of $2,134, which was recoverable because claimant had made a willful misrepresentation of fact; (3) that claimant's right to future benefits was reduced by eight effective days as a penalty for such misstatement of fact; and (4) that claimants' certificate of release from civil disabilities had no effect on his right to unemployment insurance benefits. ¶ Claimant urges that the act resulting in his conviction for felonious sale of a controlled substance was committed during nonworking hours and thus was nondisqualifying with regard to unemployment benefits because the misdeed was not committed in connection with his employment. Claimant further urges that his receipt of a certificate of relief from civil disabilities pursuant to section 701 of the Correction Law prevents an automatic forfeiture of benefits and, therefore, entitles him to unemployment benefits. Claimant also contends that the board's decision is not supported by substantial evidence. We disagree with these contentions. ¶ Misconduct committed during nonworking hours, which raises serious questions as to a worker's integrity, bears a relationship to his work within the meaning of subdivision 4 of section 593 of the Labor Law (*Matter of Markowitz* [*New York City Human Resources Admin.* — *Roberts*], 94 AD2d 155; *Matter of Zazycki v City of Albany,* 94 AD2d 925, mot for lv to app den 60 NY2d 558; *Matter of Gill* [*New York Tel. Co.* — *Ross*], 78 AD2d 749). ¶ As an assessor for the Town of Kiantone in Chautauqua County, claimant held a position requiring trust and confidence. His conviction reflected adversely on his integrity. His continued employment by the town would have been detrimental to the interests of the town, exposing it to public scorn and loss of confidence. ¶ Benefits received as a result of a willful false statement are recoverable under section 594 of the Labor Law. The board's finding that claimant's failure to list his last employer was a willful material misrepresentation made to secure benefits is supported by substantial evidence. ¶ Contrary to claimant's contention, the grant of a certificate of relief from civil disabilities does not prevent the forfeiture of unemployment benefits. Subdivision 2 of section 701 of the Correction Law provides: "Notwithstanding any other provision of law * * * a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and covered by the certificate. Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate." Claimant argues that the statute prohibits the automatic imposition of forfeiture and, since subdivision 4 of section 593 of the Labor Law calls for an automatic forfeiture, it follows that the certificate relieves him from forfeiture in the instant case. We find this argument to be without merit (*Matter of Springer v Whalen,* 68 AD2d 1011, 1013, mot for lv to app den 47 NY2d 710). ¶ Decision affirmed,

without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.