■ In the Matter of the Claim of JOHN J. POWERS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as a result of an act constituting a felony in connection with his employment.

Claimant's employer suspected that claimant had misappropriated its funds and had engaged in other financial improprieties for his personal gain. When claimant could not satisfactorily explain the financial irregularities, he was permitted to submit a resignation in lieu of discharge.

After his termination and following an investigation by Federal authorities, claimant was charged with two felony counts of bribing a public official in violation of 18 USC § 201 (c) (1) (A). Subsequent to his resignation, claimant obtained employment elsewhere until August 12, 1987 when he lost that employment under nondisqualifying conditions. After filing a claim for unemployment insurance benefits, he received benefits through February 21, 1988 which were subsequently determined recoverable by the Commissioner of Labor because claimant was disqualified from receiving benefits in that he lost his employment as a result of the acts alleged in the felony charges. An Administrative Law Judge overruled the Commissioner's determination. Following the Commissioner's appeal, the Board reversed the Administrative Law Judge's decision and sustained the Commissioner's determination.

We affirm. Claimant was properly disqualified from receiving benefits pursuant to Labor Law § 593 (4) because he lost his employment due to an act constituting a felony in connection with his employment. Claimant conceded that the acts which led to his indictment occurred while engaged in the employment at issue. Given that these actions were committed during the course of claimant's employment and eventually led to his felony conviction, we find a sufficient nexus between claimant's loss of employment and those actions to warrant disqualification (see, Labor Law § 593 [4]). Accordingly, inasmuch as the determination is supported by substantial evidence in the record, it should be affirmed (see, Matter of Mende [Levine], 50 AD2d 662).

Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.