OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Central to this appeal is our interpretation of Labor Law § 593 (4), which disallows unemployment insurance benefits for a period of one year after a claimant loses his or her job as a result of an act constituting a felony "in connection with” that
 
 *487
 
 employment. Does the statute preclude benefits where the claimant is convicted of a felony committed neither against the employer nor in the course of employment? In the circumstances presented we conclude, as did the Appellate Division, that benefits were properly denied.
 

 For approximately 10 years, appellant — an attorney — served as Chief Title Counsel to Allied American Abstract Corp., a title abstract company. In that capacity, appellant performed title examinations, reviewed and negotiated contracts, and represented Allied in various other legal matters. In July 1994, appellant was indicted on one count of mail fraud under 18 USC § 1341, a felony. The charges stemmed from his submission of a false insurance claim to Allstate Insurance Company for theft of a political button collection.
 

 Soon after his conviction and termination of his employment, appellant applied for unemployment insurance benefits, which respondent Commissioner of Labor denied on the ground that appellant had engaged in conduct constituting a felony in connection with his employment. On appellant’s request for further review, a hearing was held before an Administrative Law Judge, who sustained the Commissioner’s determination, as did the Unemployment Insurance Appeal Board and the Appellate Division. We now affirm.
 

 Section 593 (4) of the Labor Law provides:
 

 "No days of total unemployment shall be deemed to occur during a period of twelve months after a claimant loses employment as a result of an act constituting a felony
 
 in connection with
 
 such employment, provided the claimant is duly convicted thereof or has signed a statement admitting that he or she has committed such an act” (emphasis added).
 

 Appellant admits that he was convicted of a felony, but urges that his conduct outside the workplace during nonworking hours was not "in connection with” his employment. In appellant’s view, a felony "in connection with” employment, as used in Labor Law § 593 (4), is an act committed against the employer in the course of employment which results in the employee’s dismissal.
 

 We disagree. Had it intended to adopt appellant’s narrow view, the Legislature could easily have included phrases such as "committed against the employer” or "committed in the course of employment.” Instead, it chose the broader language
 
 *488
 
 "in connection with.” Thus, while felonies committed against an employer in the course of employment, such as embezzling employer’s funds, certainly trigger Labor Law § 593 (4), they are not the only felonies within the statute.
 

 In our view, a felony is "in connection with” employment for purposes of Labor Law § 593 (4) if it results in breach of a duty, express or implied, the claimant owes the employer. The scope of such duty will vary depending on the nature of the employment involved. This interpretation comports both with the language of the subdivision and with the Legislature’s intent to award benefits only to those who find themselves unemployed "through no fault of their own” (Labor Law § 501). Moreover, in reaching this determination, we draw guidance from our prior decisions construing Labor Law § 593 (3) — where we found conduct to be disqualifying when it "evinces a willful disregard of standards of behavior which employers have the right to expect of their employees”
 
 (Matter of Punter [Ross],
 
 43 NY2d 743, 744;
 
 Matter of De Grego [Levine],
 
 39 NY2d 180, 184;
 
 Matter of Rosedietcher [Levine],
 
 33 NY2d 377;
 
 see also, Matter of Bruggeman [Roberts],
 
 101 AD2d 973 [disqualifying claimant who engaged in misconduct which was not directly job related];
 
 Matter of Caryl [Morton Salt Div. of Morton Thickol
 
 — Roberts], 96 AD2d 989, 990 [same];
 
 Matter of Markowitz [New York City Human Resources Admin.
 
 — Roberts], 94 AD2d 155, 156 [same]).
 

 Here, appellant violated a basic duty owed his employer: to remain qualified for his position, a status he lost when he was automatically disbarred under Judiciary Law § 90 (4) (a). Appellant breached other duties as well. Allied was a fiduciary entrusted with handling funds for real estate closings and also acted as agent for insurance companies underwriting title insurance policies for Allied’s customers. As Chief Title Counsel, appellant personally dealt with numerous insurance companies. His conviction for defrauding an insurance company not only impaired his ability to perform his job effectively but also necessarily tarnished Allied’s reputation for trustworthiness in the relevant business community.
 

 Appellant’s remaining contentions are either unpreserved or without merit.
 

 Accordingly, the Appellate Division’s order should be affirmed, without costs.
 

 Judges Bellacosa, Smith, Levine and Ciparick concur; Judges Titone and Wesley taking no part.
 

 Order affirmed, without costs.