■ In the Matter of the Claim of JOSEPH V. DI MAIO, Appellant. COMMISSIONER OF LABOR, Respondent. (And Four Related Claims.) [783 NYS2d 731]—

---

Lahtinen, J. Appeals from five decisions of the Unemployment Insurance Appeal Board, filed June 3, 2003, which, inter alia, ruled that claimants were disqualified from receiving unemployment insurance benefits because they lost their employment as the result of an act constituting a felony in connection with such employment.

Claimants were employed as pari-mutuel betting clerks by the New York State Racing Association (hereinafter NYRA). As part of their duties, they received money from racetrack patrons to place bets and paid out money on winning tickets. They maintained cash boxes and were responsible for making sure at the end of each day that the cash balances were accurate. If the balances were not accurate, either because claimants had made a mistake or had taken a cash advance against their pay, they were required to fill out a short slip and put it in the cash box. NYRA deducted the amounts set forth on the short slips from claimants' weekly pay and provided them with annual statements for income tax purposes indicating the total cash shortages during the year. On their federal income tax returns, claimants represented that the shortages were unreimbursed employee expenses and deducted them as such even though a portion was attributable to cash advances they had taken. Each of them subsequently pleaded guilty to making a false declaration on a federal income tax return, a felony, and NYRA terminated them from their positions in June 2002. Thereafter, the Unemployment Insurance Appeal Board denied their applications for unemployment insurance benefits finding, among other things, that they were disqualified because they lost their employment as the result of committing a felony and also engaged in misconduct. Claimants appeal.

We affirm. Labor Law § 593 (4) provides, in pertinent part, that a claimant who "loses employment as a result of an act constituting a felony in connection with such employment" shall be disqualified from receiving unemployment insurance benefits during the 12-month period following the loss of such employment. The Court of Appeals noted, in *Matter of Sinker (Sweeney)* (89 NY2d 485, 487-488 [1997]), that this provision is not limited only to criminal acts committed against the employer or during actual employment. Rather, the Court interpreted it as extending to acts resulting in a breach of duty, express or

implied, that the claimant owes to the employer, the scope of which depends on the nature of the employment involved (*see id.* at 488). Consequently, the Court in that case held that the claimant, who was the chief title counsel to an abstract company, was disqualified under Labor Law § 593 (4) from receiving unemployment insurance benefits because he had submitted a false insurance claim to his insurance company for the theft of a political button collection.

Like the claimant in *Matter of Sinker (Sweeney)* (*supra*), claimants here all held positions of trust and were responsible for handling large sums of money. As such, they owed NYRA the duty to conduct themselves with honesty and integrity. By falsifying information on their tax returns, they obviously breached this duty. Therefore, the Board properly found that their criminal acts disqualified them under Labor Law § 593 (4) from receiving unemployment insurance benefits (*see id.; Matter of Drago [Sweeney]*, 216 AD2d 616 [1995]; *Matter of Bruggemen [Roberts]*, 101 AD2d 973 [1984], *lv denied* 63 NY2d 608 [1984]). We note that claimants' criminal acts also provided a basis for the Board's finding of misconduct (*see Matter of Markowitz [New York City Human Resources Admin.—Roberts]*, 94 AD2d 155 [1983]; *Matter of Gill [New York Tel. Co.—Ross]*, 78 AD2d 749 [1980]).

Although claimants make much of the fact that NYRA endorsed the practice of allowing employees to take advances on their pay by shorting their cash boxes, this has nothing to do with the falsification of information on their tax returns. Furthermore, their claim of retaliation is not properly before us as it was first raised on appeal (*see Matter of Kearse [Commissioner of Labor]*, 308 AD2d 628, 629 [2003]) and, even if we were to consider it, is unpersuasive. Claimants' remaining contentions, to the extent they are properly before us, have been examined and found to be without merit. Therefore, we find no reason to disturb the Board's decisions.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.