*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                518275
_____

In the Matter of the Claim of
    JEFFREY S. MONIZ,
                    Respondent.

NUCOR STEEL AUBURN, INC.,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____


        Hodgson Russ, LLP, Buffalo (Kyle C. Reeb of counsel) and
Alaniz Schraeder Linker Farris & Mayes, LLP, Houston, Texas (Lisa
M. Guerra admitted pro hac vice), for appellant.

        Bruce E. Knoll, Albany, for Jeffrey S. Moniz, respondent.


_____


Clark, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 15, 2013, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant and his wife worked for the employer and, in
December 2011, both attended an after hours birthday party at a
bar.  His wife had recently been suspended for misconduct and one
of her accusers, who was a coworker, was at the party.  Claimant
assaulted the coworker, although there is a dispute as to whether
he did so for work-related or personal reasons.  After learning
of the incident, the employer terminated claimant for violating

its policy prohibiting fighting.  Claimant thereafter applied for unemployment insurance benefits, and the Unemployment Insurance Appeal Board ultimately found that he was entitled to them.  Specifically, the Board noted that claimant's behavior did not constitute disqualifying misconduct because, regardless of why he attacked the coworker, the employer's policy barring fighting did not apply given the time and place of the attack.  The employer now appeals.

We reverse.  "Fighting with a coworker, regardless of who initiates the confrontation, has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (Matter of Jones [Commissioner of Labor], 100 AD3d 1134, 1134 [2012] [citations omitted]; accord Matter of Mark [Commissioner of Labor], 105 AD3d 1245, 1245 [2013]).  Claimant, moreover, was aware that the employer considered fighting to be a major infraction and that it could result in his termination.  It is true that the fight occurred at a bar outside of work hours but, in that regard, a claimant is disqualified from receiving benefits whenever his or her misconduct occurs "in connection with" his or her employment (Labor Law § 593 [3]; see e.g. Matter of Sinker [Sweeney], 89 NY2d 485, 488 [1997]).  Claimant was accordingly obliged, "even during his off-duty hours, to honor the standards of behavior which his employer has a right to expect of him and . . . he may be denied unemployment benefits as a result of misconduct in connection with his work if he fails to live up to this obligation" (Matter of Markowitz [New York City Human Resources Admin.—Roberts], 94 AD2d 155, 156 [1983]; see Matter of Punter [Ross], 43 NY2d 743, 744 [1977]; Matter of Caryl [Morton Salt Div. of Morton Thiokol—Roberts], 96 AD2d 989, 990 [1983]).  Therefore, the relevant question is not where or when the attack occurred, but whether it was connected to claimant's employment (see Matter of Haft [Hartnett], 174 AD2d 950, 951 [1991]; cf. Matter of Rivera [Fairchild Republic Co.—Roberts], 96 AD2d 1115, 1115 [1983], appeal dismissed 63 NY2d 952 [1984] [attack upon an umpire during an employee softball game held not to be disqualifying misconduct]).  Inasmuch as "the Board failed to address this relevant issue, its decision must be reversed and the matter remitted for further development of the record" (Matter of Panek [City of Syracuse—Roberts], 111 AD2d 466, 466-467 [1985]; see Matter of Montauk Improvement v

-3- 518275

<u>Proccacino</u>, 41 NY2d 913, 914 [1977]).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court