*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519954
_____

In the Matter of the Claim of
    MICHAEL V. CARDILLO,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                    _____


        Brian De Vito, Rutherford, New Jersey, for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                    _____


        Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 2, 2014, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment benefits because he lost his employment as the result of an act constituting a felony in connection with such employment.

        Claimant worked as a portfolio manager at a hedge fund for approximately six years.  In October 2009, the principal of the hedge fund and certain individuals who were employed and/or did business with the fund were arrested and charged with securities fraud arising from insider trading activities.  As a result, the hedge fund ceased operations and, on November 2, 2009, claimant was informed that he was no longer employed.  Two days later, members of the Federal Bureau of Investigation sought his cooperation in its investigation of those individuals thought to be involved in the insider trading activities.  Claimant agreed

to cooperate in the investigation.

In January 2010, claimant applied for and received unemployment insurance benefits totaling $21,375, which consisted of regular unemployment insurance benefits, emergency unemployment compensation benefits (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323) and federal additional compensation benefits (see 26 USC § 3304). On January 3, 2011, however, he pleaded guilty to securities fraud and conspiracy to commit securities fraud in satisfaction of a federal court criminal information. Thereafter, the Department of Labor issued initial determinations finding that claimant was disqualified from receiving benefits under Labor Law § 593 (4) because he lost his employment as the result of an act constituting a felony, and it charged him with a recoverable overpayment with respect to those benefits that he had received. Following extended proceedings, an Administrative Law Judge sustained the initial determinations and the Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision. The Board granted claimant's subsequent application to reopen and adhered to its prior decision. Claimant now appeals.

We affirm. Labor Law § 593 (4) provides, in relevant part, that a claimant who "loses employment as a result of an act constituting a felony in connection with such employment" shall be disqualified from receiving unemployment insurance benefits during the 12-month period following the cessation of such employment (see Matter of DiMaio [Commissioner of Labor], 12 AD3d 756, 757 [2004]). Claimant argues that the above provision does not apply because his employment ended due to the closure of the hedge fund, not his commission of a felony. We are not persuaded. The Court of Appeals has stated that "a felony is 'in connection with' employment for purposes of Labor Law § 593 (4) if it results in breach of a duty, express or implied, [that] the claimant owes the employer" (Matter of Sinker [Sweeney], 89 NY2d 485, 488 [1997]). Here, by pleading guilty to securities fraud and conspiracy to commit securities fraud, claimant clearly violated a duty that he owed to the hedge fund, regardless of the actions of its principal, to conduct business in a fair and honest manner. Moreover, the fact that claimant was not actually convicted until after his employment ended does not render Labor

Law § 593 (4) inapplicable, given that the allegations of wrongdoing specified in the federal court information that formed the basis for his plea clearly involved activities that claimant engaged in while working for the hedge fund (see Matter of Powers [Hartnett], 177 AD2d 833, 834 [1991]).  Accordingly, we find no reason to disturb the Board's decision disqualifying claimant from receiving benefits based upon Labor Law § 593 (4), nor its resulting imposition of a recoverable overpayment.  We have considered claimant's remaining contentions and find them to be unavailing.

        Garry, J.P., Rose, Devine and Clark, JJ., concur.


        ORDERED that the decision is affirmed, without costs.




            ENTER:


            Robert D. Mayberger
            Clerk of the Court