*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521321
_____

In the Matter of the Claim of
    SHAWN ROY,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 23, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Shawn Roy, Albany, appellant pro se.

_____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2014, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

        Substantial evidence supports the Unemployment Insurance Board's determination that claimant was discharged from his position as a food service worker in a nursing home due to disqualifying misconduct.  Claimant was obligated "even during his off-duty hours, to honor the standards of behavior which his employer has a right to expect of him and . . . he may be denied unemployment benefits as a result of misconduct in connection with his work if he fails to live up to this obligation" (Matter of Markowitz [New York City Human Resources Admin.—Roberts], 94 AD2d 155, 156 [1983]; see Matter of Punter [Ross], 43 NY2d 743, 744 [1977]; Matter of Moniz [Nucor Steel Auburn,Inc.—Commissioner of Labor], 126 AD3d 1251, 1252 [2015]).  Here, the record contains evidence that claimant created violent and sexually explicit videos using "LEGO" characters, including characters depicting the executive director of the nursing home, claimant's

department head and two female coworkers, and posted the videos online. Although claimant testified that he was depicting celebrities and fictional characters in his movies, and not his coworkers, this presented a credibility issue for the Board to resolve (see Matter of Manieson [Commissioner of Labor], 119 AD3d 1312, 1313 [2014]; Matter of Portis [Commissioner of Labor], 118 AD3d 1195, 1196 [2014]). Under these circumstances, we perceive no basis to disturb the Board's determination that claimant engaged in disqualifying misconduct. Claimant's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court