*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521826
_____

In the Matter of the Claim of
     RICHARD A. HALL,
                         Appellant.

                                    MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                         Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


        Richard A. Hill, Dolgeville, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                    _____


        Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 29, 2015, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

        Claimant worked as a developmental service aide for the Department of Mental Retardation and Developmental Disabilities (now the Office of Persons with Developmental Disabilities) for approximately 25 years.  In March 2012, he was arrested at his home for possession of marihuana.  When his employer learned of his arrest, he was placed on indefinite suspension.  While on suspension, he applied for unemployment insurance benefits and was disqualified from receiving them on the basis that he had engaged in disqualifying misconduct.  Thereafter, extended proceedings were conducted before an Administrative Law Judge (hereinafter ALJ) and the Unemployment Insurance Appeal Board

regarding claimant's disqualification.  In the meantime, claimant pleaded guilty to criminal possession of marihuana in the fourth degree and, in settlement of disciplinary charges pending against him, the employer reinstated claimant to his position after he had been out of work for 15 months.  Following a further hearing with respect to claimant's unemployment insurance claim, an ALJ ruled, among other things, that claimant's plea of guilty to the criminal charge amounted to misconduct disqualifying him from receiving benefits.  The Board upheld the ALJ's decision and claimant now appeals.

We affirm.  Criminal convictions arising from conduct occurring outside the workplace have been found to constitute disqualifying misconduct where they demonstrate a breach of the standards of behavior to be reasonably expected by an employer in light of the nature of the employment involved (see Matter of Sinker [Sweeney], 89 NY2d 485, 488 [1997]; Matter of Cummings [Commissioner of Labor], 69 AD3d 1088, 1089 [2010]).  Significantly, claimant's job responsibilities included, among other things, dispensing medications to developmentally disabled individuals.  Given the environment in which claimant worked, it was reasonable for the employer to expect that claimant would not illegally use or possess controlled substances.  Clearly, claimant's criminal conduct posed a risk to the employer's mission and was detrimental to its interests.  Therefore, we find that substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct (see Matter of Blair [Mercy Hosp.–Roberts], 92 AD2d 711, 711 [1983]; Matter of Gill [New York Tel. Co.–Ross], 78 AD2d 749, 749 [1980]; see also Matter of Rose [New York City Dept. of Social Servs.–Hudacs], 190 AD2d 926, 926 [1993]).

Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court