*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    522287
_____

In the Matter of the Claim of
    NICHOLAS VALVO,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ.

                    _____


        Hach Rose Schirripa & Cheverie LLP, New York City (Frank R. Schirripa of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                    _____


        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 1, 2015, which ruled, among other things, that claimant was disqualified from receiving unemployment benefits because he lost his employment as the result of an act constituting a felony in connection with such employment.

        Claimant began working as a probationary sanitation worker for the municipal employer in October 2011.  Following his arrest on charges of grand larceny in the third degree and scheme to defraud in the second degree, his employment was terminated on February 28, 2013 based upon his disciplinary history and the arrest.  Claimant applied for and received unemployment insurance benefits, including regular and emergency unemployment insurance compensation benefits, totaling $16,488.  Claimant subsequently resolved the charges against him by pleading guilty to grand

larceny in the second degree (two counts) and grand larceny in the third degree.

Thereafter, the Department of Labor issued an initial determination finding that, among other things, claimant was disqualified from receiving unemployment insurance benefits under Labor Law § 593 (4) because he lost his employment as a result of acts constituting a felony, charged him with a recoverable overpayment with respect to the benefits he had received and assessed a penalty of $2,473 due to his willful misrepresentations to obtain benefits. The Unemployment Insurance Appeal Board ultimately sustained the initial determinations in relevant part, and claimant now appeals.

We affirm. Pursuant to Labor Law § 593 (4), a person who "loses employment as a result of an act constituting a felony in connection with such employment" is disqualified from receiving benefits for 12 months following the end of that employment (see Matter of Cardillo [Commissioner of Labor], 129 AD3d 1423, 1423-1424 [2015], lv denied 26 NY3d 909 [2015]). Under established precedent "a felony is 'in connection with' employment for purposes of Labor Law § 593 (4) if it results in breach of a duty, express or implied, [a] claimant owes an employer" (Matter of Sinker [Sweeney], 89 NY2d 485, 488 [1997], quoting Labor Law § 593 [4]; accord Matter of Cardillo [Commissioner of Labor], 129 AD3d at 1424). Claimant's larcenous conduct raised serious questions as to his integrity and suitability for municipal employment and, given the detrimental impact his continued employment could have had upon the public's trust in municipal employees, we see no reason to disturb the Board's determination that his conduct was sufficiently connected to his employment (see Matter of Cardillo [Commissioner of Labor], 129 AD3d at 1424; Matter of Engel [Commissioner of Labor], 106 AD3d 1318, 1319 [2013]; Matter of Bruggeman [Roberts], 101 AD2d 973, 973 [1984], lv denied 63 NY2d 608 [1984]). The remaining contentions also lack merit.

Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court