Matter of Gunn (City of New York--Commissioner of Labor) (2019 NY Slip Op 04258)





Matter of Gunn (City of New York--Commissioner of Labor)


2019 NY Slip Op 04258


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527768

[*1]In the Matter of the Claim of THOMAS GUNN, Appellant. CITY OF NEW YORK, Respondent. COMMISSIONER OF LABOR, Respondent.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Gibb Surette, Brooklyn Legal Services, New York City, for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Lorenzo Di Silvio of counsel), for City of New York, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 7, 2018, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as the result of an act constituting a felony in connection with such employment.
Claimant worked as a civilian carpenter for the New York City Police Department for nearly 15 years. In September 2015, while he was off duty, he was involved in an automobile accident and charged with various crimes, including felony driving while intoxicated. He was immediately suspended from his job, but returned to work after obtaining treatment for alcohol abuse. In October 2016, he pleaded guilty to, among other things, felony driving while intoxicated and was sentenced to 120 days in jail, to commence on January 9, 2017. Shortly before he was to begin serving his sentence, claimant and his union representative attended an informal meeting with representatives of the Police Department to discuss the disciplinary action to be taken against him. Claimant was advised to resign or the Police Department would seek his termination based upon his felony conviction. Claimant resigned from his position on January 5, 2017.
In March 2017, claimant filed a claim for unemployment insurance benefits [FN1]. The Department of Labor issued initial determinations disqualifying him from receiving benefits, effective January 6, 2017, because his employment was terminated due to misconduct and, alternatively, because he voluntarily separated from his employment without good cause [FN2]. A hearing was conducted before Administrative Law Judge David Kogelman (hereinafter ALJ Kogelman) on May 24, 2017 with respect to these determinations. At that hearing, a Department representative submitted as "background" an initial determination issued by the Department that same day disqualifying claimant from receiving benefits because he lost his employment by committing an act constituting a felony in connection with his employment. This determination, however, was not before ALJ Kogelman for substantive review. At the conclusion of the hearing, ALJ Kogelman issued a decision overruling the initial misconduct and voluntary separation determinations and finding that claimant was eligible to receive benefits. Following the issuance of this decision, the Department appealed, and claimant received back payments for the benefits that he was awarded. In July 2017, however, the Department issued multiple initial determinations disqualifying claimant from receiving benefits based on felony misconduct and charging him with a recoverable overpayment of benefits totaling $4,730.
Claimant requested a hearing on the July 2017 initial determinations, but they remained in effect due to his default in appearing. In November 2017, while the Department's appeal from ALJ Kogelman's decision was still pending, the Unemployment Insurance Appeal Board issued a decision combining the felony misconduct case with the misconduct and voluntary separation cases, and remanded them for a comprehensive hearing on all issues. In so doing, the Board rescinded ALJ Kogelman's decision. Following a further hearing, a different ALJ granted claimant's application for reopening and issued a decision that, among other things, sustained the initial determinations disqualifying claimant from receiving benefits based on felony misconduct and charging him with a recoverable overpayment of benefits totaling $4,730 [FN3]. The Board upheld this decision and denied claimant benefits. Claimant appeals.
Claimant's primary contention is that the second ALJ and the Board, in disqualifying him from receiving benefits on the basis of felony misconduct, erred in refusing to accord collateral estoppel effect to ALJ Kogelman's decision on the issue of whether his separation from employment was the result of a felony conviction. "Conclusive effect is given to quasi-judicial administrative determinations when the issue upon which collateral estoppel is sought is identical to an issue necessarily resolved in a prior decision" (Matter of Kibler v New York State Dept. of Correctional Servs., 91 AD3d 1218, 1220 [2012] [citations omitted], lv denied 19 NY3d 803 [2012]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). In addition, there must have been a full and fair opportunity to litigate the issue in the prior proceeding (see Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]; Matter of Kibler v New York State Dept. of Correctional Servs., 91 AD3d at 1220-1221), and it must have resulted in a final determination on the merits (see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]).
Here, the issue of felony misconduct was not before ALJ Kogelman for adjudication on the merits, as the initial determination charging claimant with felony misconduct was issued the very day of the May 24, 2017 hearing, and was provided only as background information. Significantly, ALJ Kogelman's decision does not mention felony misconduct. In addition, there was not a full and fair opportunity to litigate this issue at the hearing as the Department representative conceded that claimant was not provided with adequate notice, which was the reason it was being submitted only as background information. Further, ALJ Kogelman's [*2]decision was not a final determination, as the Board specifically rescinded it when it combined the cases and remanded them for a hearing. Accordingly, the doctrine of collateral estoppel does not apply to the circumstances of this case.
Turning to the merits, Labor Law § 593 (4) provides that a claimant may be disqualified from receiving unemployment insurance benefits if he or she "loses employment as a result of an act constituting a felony in connection with such employment." For purposes of Labor Law § 593 (4), "a felony is 'in connection with' employment . . . if it results in a breach of duty, express or implied, the claimant owes to the employer" (Matter of Sinker [Sweeney], 89 NY2d 485, 488 [1997], quoting Labor Law § 593 [4]; accord Matter of Valvo [Commissioner of Labor], 140 AD3d 1520, 1520 [2016]). In this regard, conduct is disqualifying "when it evinces a willful disregard of standards of behavior which employers have the right to expect of their employees" (Matter of Sinker [Sweeney], 89 NY2d at 488 [internal quotation marks and citation omitted]).
Claimant was convicted of, among other things, the class E felony of driving while intoxicated, and this was the reason for his separation from employment. Further, such conduct is contrary to the provisions of the Police Department's handbook requiring employees to comport themselves in accordance with the highest standards of behavior and to obey all federal, state and local laws. Although claimant's conduct occurred while he was off duty, it cast a negative light on the Police Department and exhibited a deliberate disregard for the standards of behavior that the Police Department had a right to expect from its employees. Under these circumstances, substantial evidence supports the Board's disqualification of claimant from receiving benefits on the ground that he lost his employment as the result of an act constituting a felony in connection with such employment (see Matter of Sinker [Sweeney], 89 NY2d at 488; Matter of Valvo [Commissioner of Labor], 140 AD3d at 1520-1521). We have considered claimant's remaining contentions and find them to be either unpreserved or lacking in merit.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Previously, in September 2015, he filed an initial claim for benefits when he was suspended following the accident.

Footnote 2: The Department issued a prior initial determination disqualifying claimant from receiving benefits, effective September 10, 2015, because his employment was terminated due to misconduct.

Footnote 3: This included the determination issued with respect to his initial claim.