■ In the Matter of the Claim of BENNIE MCCALLUM, Appellant. NEW YORK CITY DEPARTMENT OF TRANSPORTATION BUREAU OF HIGHWAYS, Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1985, which ruled that claimant was disqualified from receiving benefits.

Claimant was denied benefits on the ground that he lost his employment through misconduct in connection with his employment. On this appeal, claimant argues that the misconduct, if any, was unrelated to his employment and, therefore, does not serve as a proper basis for denying him benefits. The Unemployment Insurance Appeal Board's decision has a rational basis, supported by substantial evidence, and it must therefore be affirmed.

Claimant was employed as a highway repairman by the New York City Department of Transportation (Department). In December 1983, claimant was advised by the Department that, pursuant to the Department's policy, claimant had 30 days to take good-faith affirmative action to resolve some $1,495 in outstanding New York City parking tickets. In July 1984, when it became apparent that claimant had not made the required good-faith effort, the Department, claimant and a union representative entered into an agreement whereby claimant was to use the proceeds of an expected lump-sum back paycheck to pay off the outstanding tickets. It was further agreed that the Department would take no further action until claimant received the back paycheck, but that claimant would be discharged if he failed to abide by the agreement. When he received the lump-sum check, claimant was dissatisfied with the amount and, therefore, refused to pay off the tickets or to meet with Department representatives to discuss the matter. He was fired and his application for unemployment insurance benefits was denied.

Claimant contends that his failure to pay overdue parking tickets is not reasonably related to his employment and, therefore, is not misconduct under the Labor Law (see, Matter of Hunt [General Elec. Co.—Ross], 84 AD2d 622 [this court affirmed a Board decision finding a claimant eligible for benefits where he lost his employment following his conviction for body stealing]). We have held, however, that as a matter of law a claimant's conduct evincing a conscious and intentional disregard of standards of behavior which his governmental employer had a right to expect from him constitutes misconduct in connection with his employment where his continued

employment would create a genuine threat to the integrity of the governmental employer and reflect unfavorably upon the governmental employer in the eyes of the general public *(Matter of Markowitz [New York City Human Resources Ad-min.—Roberts],* 94 AD2d 155, 157). There can be little doubt that the continued presence on the city payroll of a scofflaw who refuses to make any good-faith effort to resolve a substantial number of long overdue city parking tickets would reflect unfavorably upon the city in the eyes of the general public. The Department's policy and its agreement with claimant constitute reasonable efforts to maintain the city's integrity, and claimant's refusal to abide by the agreement or meet with departmental representatives to discuss the matter evinces a conscious and intentional disregard of standards of behavior which the city had a right to expect from him. In these circumstances, the Board's decision is not irrational.

Claimant seeks to distinguish the *Markowitz* case on the ground that his employment as a highway repairman was not in a sensitive position such that his continued employment would constitute a genuine threat to his employer's integrity. Unlike the *Markowitz* case, however, we are not called upon here to determine whether claimant's conduct constituted disqualifying misconduct as a matter of law. Rather, our review is limited to whether the Board's finding of misconduct in connection with the employment is rational and supported by substantial evidence.

Decision affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.