■ In the Matter of the Claim of FRANCO MORA, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 15, 1990, which disqualified claimant from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a steward for the Plaza Hotel in New York City for 20 years. On or about April 7, 1989, while across the street from his place of employment, he was observed handing two plastic bags containing cocaine to an unidentified person. It is noted that claimant disagrees with his employer's assertion that this exchange took place during work hours; however, such a dispute is of no moment in deciding this case. On April 13, 1989, claimant's employment was terminated by the hotel. On April 14, 1989, claimant was arrested for selling drugs to an undercover police officer. After pleading guilty to intent to sell a controlled substance, he was sentenced to five years' probation. He applied for unemployment benefits but was disqualified from receiving benefits because his employment was terminated due to misconduct. This appeal ensued.

Claimant contends that there is no evidence in the record indicating that he ever engaged in any misconduct "in connection with" his employment at the Plaza Hotel and therefore the determination is not supported by substantial evidence. We disagree. Claimant pleaded guilty to intent to sell a

controlled substance and we find that his conduct in that regard constituted misconduct. We have previously had occasion to hold, in a case similar to this, that "[m]isconduct committed during nonworking hours, which raises serious questions as to a worker's integrity, bears a relationship to his work within the meaning of * * * section 593 of the Labor Law" *(Matter of Bruggeman [Roberts],* 101 AD2d 973, *lv denied* 63 NY2d 608; *see, Matter of Gill [New York Tel. Co.—Ross]* 78 AD2d 749). The finding of misconduct by the Unemployment Insurance Appeal Board is supported by substantial evidence and must be upheld *(see, Matter of McCallum [New York City Dept. of Transp. Bur. of Highways—Roberts],* 126 AD2d 833, *lv denied* 69 NY2d 613).

Casey, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.