THIRD DEPARTMENT, AUGUST, 1991

(August 1, 1991)

■ In the Matter of the Claim of ROBERT L. BENJAMIN, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Per Curiam. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 14, 1990, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

On June 16, 1989, claimant was arrested and charged with possession of a controlled substance. He was incarcerated until July 1989 because he was unable to make bail. On July 11, 1989, the drug possession charge was dismissed and replaced with a charge of disorderly conduct. He was then released to

raise funds for his reduced bail on the disorderly conduct charge. On September 5, 1989, he pleaded guilty to disorderly conduct and paid a $50 fine.

Two days after his arrest on June 16, 1989, claimant was given an opportunity to make a free phone call which he used to contact his employer to inform it of his predicament. Claimant was told by his employer to try to make it in to work that week. Due to his incarceration, claimant was unable to report to work and made various attempts to keep his employer abreast of his situation. After his release in July 1989, claimant returned to his employer to inquire about his job and was informed that he was discharged. Claimant applied for unemployment insurance benefits and was disqualified due to misconduct in connection with his employment. This appeal ensued.

The Administrative Law Judge (hereinafter ALJ) and the Unemployment Insurance Appeal Board concluded that claimant was guilty of misconduct in that claimant deliberately acted in a manner which rendered him unable to report to work. However, the ALJ and the Board did not identify the willful act found to have been committed by claimant. As indicated, claimant made various attempts to contact his employer during his postarrest incarceration to report his absence and explain his situation. The record supports the inference that claimant made every effort to obtain the funds necessary to post bail, including an attempt to secure two paychecks held by his employer. Therefore, claimant's failure to make bail was not a willful or deliberate act upon which a finding of misconduct could have been predicated.

Nor can claimant's arrest on the drug possession charge support a finding of misconduct, because that charge was ultimately dismissed and there is no evidence in the record to suggest that claimant was in fact involved in any drug-related activity. To hold otherwise would give rise to an implication that willfulness has come to mean being in the wrong place at the wrong time. Indeed, such a holding would establish a dangerous precedent, i.e., that disqualifying conduct may be predicated on a mere arrest unsupported by a conviction.

It would appear, therefore, that the only ground to support a finding of misconduct by claimant was the disorderly conduct charge. There is nothing in the record, however, establishing that the disorderly conduct charge prevented claimant from reporting to work. To the contrary, once the drug charge was dismissed and replaced with the disorderly conduct charge, claimant was released, pleaded guilty and paid a $50

fine. In short, had the drug charge been dismissed earlier, there is nothing to indicate that claimant would not have been able to post the reduced bail and report to work. Accordingly, there is no evidence in the record before us from which the ALJ and the Board could have concluded that claimant was guilty of a willful or deliberate act which rendered him unable to report to work. The decision disqualifying claimant from receiving benefits must therefore be reversed.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. In my view an affirmance is required. No one can disagree with the proposition that an employer is entitled to expect reasonable and prompt attendance from his employees. The record indicates that claimant was unable to meet this expectation due to his incarceration by reason of his own willful misconduct after working hours. Claimant states that the disorderly conduct charge, to which he pleaded guilty, was the result of his use of profanity toward a police officer. Claimant was unable to report to work as scheduled because of his own unlawful conduct and his actions constitute misconduct (see, Matter of Caryl [Morton Salt Div. of Morton Thiokol—Roberts], 96 AD2d 989, 990). As the finding of misconduct is supported by substantial evidence, I would vote to affirm.

Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision.