■ In the Matter of the Claim of SUSAN B. KARP, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 516] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a clerk for the State Insurance Fund after failing to provide appropriate documentation regarding her unauthorized absence from work. The record establishes that following claimant's arrest pursuant to a bench warrant on May 27, 1998, she advised her supervisor that she could not report to work due to her incarceration. Claimant did not post bail and remained in jail until June 11, 1998. In the interim, by letter dated June 1, 1998, the employer sent claimant a letter acknowledging her arrest and informing her that because her absence from work was unauthorized, she was required to provide appropriate explanatory documentation by June 10, 1998. When claimant failed to comply with this request, she was discharged for abandoning her employment.

The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits due to her own misconduct, and we find substantial evidence in the record to support the decision (*see, Matter of Greer [Commissioner of Labor]*, 257 AD2d 944). Notably, claimant conceded at the hearing that she was arrested on a bench warrant on the date in question and thereafter failed to post bail, allegedly because no one would assist her in this regard. When the Administrative Law Judge asked claimant why she did not contact a bail bond-

sperson, claimant responded that "somebody said that they wouldn't do it". When questioned as to why she did not more vigorously pursue help from her union following her termination, claimant responded: "To tell you the truth, I really didn't want to work there." Given this proof and the inferences that can be drawn therefrom, the Board reasonably concluded that it was claimant's own willful or deliberate conduct that rendered her unable to report to work (*see, Matter of Tensley [Sweeney]*, 232 AD2d 711; *cf., Matter of Benjamin [Hartnett]*, 175 AD2d 936). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.