■ In the Matter of the Claim of LEONARD R. CARON, Appellant. COMMISSIONER OF LABOR, Respondent. [778 NYS2d 570]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

During the period in which claimant was receiving unemployment insurance benefits, he performed various activities in connection with incorporating a retail Internet business of which he was president and 50% shareholder. Claimant engaged in increasingly time-consuming activities on behalf of the business, including opening a checking account, leasing business premises, obtaining financing and ultimately spending 40 to 50 hours a week working at the business location. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. In addition, claimant was assessed a recoverable overpayment of benefits upon a finding that he had made willful false statements to obtain benefits. Claimant appeals, contending that there is insufficient evidence to support the finding that he made willful false statements.

As used in Labor Law § 594, "willful" means a false statement which is knowingly, intentionally or deliberately made (*see Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672 [1998]) and is a question for the Board to resolve (*see Matter of Albarella [Commissioner of Labor]*, 307 AD2d 573 [2003]). Although claimant eventually disclosed his activities to a representative from the Department of Labor and was waiting to hear if such information affected his eligibility to receive benefits, he continued to indicate on his weekly certification for benefits that he was not engaged in any self-employment activities. Claimant's assertion that he did not receive an unemployment insurance information booklet explaining that work-related activities in connection with starting up a business venture, regardless of compensation, must be reported was rejected by the Board given his signed affidavit to the contrary. Inasmuch as "there is no acceptable defense to making a false statement" (*Matter of Eckler [Commissioner of Labor], supra* at 673), we find no reason to disturb the Board's ruling that claimant made willful misrepresentations and assessing him with a recoverable overpayment of benefits (*see Matter of Petrillo [Commissioner of Labor]*, 2 AD3d 948 [2003]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.