■ In the Matter of the Claim of CATHERINE M. BARBERA, Appellant. COMMISSIONER OF LABOR, Respondent. [813 NYS2d 808]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeals Board, filed September 22, 2004, which ruled, inter alia, that claimant made willful misrepresentations to obtain benefits.

Claimant's employment terminated on October 6, 1999 pursuant to the terms of a separation agreement that included a substantial severance package. She filed a claim for unemployment insurance benefits effective November 1, 1999, in which she reported that she was receiving wage continuation. Remaining unemployed, she filed another claim for benefits effective January 22, 2001 and, although she continued to receive severance payments at the time of this application, she stated that she was *not* receiving wage continuation; claimant received $10,530 in benefits upon this claim. Claimant filed a third claim for benefits effective January 28, 2002, at which time she reported that her previous job had ended on October 6, *2000*; this claim resulted in payment of an additional $14,580 in unemployment insurance benefits. The Department of Labor issued initial determinations ruling that claimant was not entitled to benefits on the latter two applications because she had insufficient earnings in covered base periods, and, upon determining that claimant had made two willful misrepresentations to obtain benefits, it charged claimant with overpayments of benefits in the aggregate amount of $25,110 and further assessed penalties reducing claimant's right to receive future benefits by a total of 16 effective days. Following a hearing, an administrative law judge sustained the initial determinations. Upon claimant's administrative appeal, the Unemployment Insurance Appeal Board adopted the determination of the administrative law judge, and claimant now appeals.

Claimant does not challenge the Board's determination that the benefits she received on the 2001 and 2002 claims are recoverable pursuant to Labor Law § 594; rather, she argues that because the Board's conclusions regarding her willful misrepresentations are not supported by substantial evidence, Labor Law § 597 (3) operates as a time bar to the determination from which she appeals. A "willful" false statement or misrepresentation is one which was made knowingly, intentionally or deliberately (*see Matter of Caron [Commissioner of Labor]*, 8 AD3d 864, 865 [2004]; *Matter of Scott [New York Law School—Commissioner of Labor]*, 257 AD2d 871, 871 [1999], *lv denied* 93 NY2d 808 [1999]; *Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758 [1997]), and criminal intent to defraud need not be shown (*see Matter of Marinelli [Hudacs]*, 195 AD2d 741, 741

[1993]). The Board's factual determination of whether a false statement or misrepresentation was "willful" will not be disturbed if it is supported by substantial evidence (*see Matter of Small [Commissioner of Labor]*, 23 AD3d 873, 874 [2005]; *Matter of Caron [Commissioner of Labor], supra; Matter of Turco [Hartnett]*, 156 AD2d 797, 798 [1989], *lv denied* 76 NY2d 703 [1990]), and the Board's broad fact-finding jurisdiction includes the determination of issues of credibility (*see Matter of Brady [Commissioner of Labor]*, 5 AD3d 838, 839 [2004]; *Matter of Faber [Commissioner of Labor]*, 4 AD3d 662, 662 [2004]; *Matter of Rosenberg [Commissioner of Labor]*, 307 AD2d 506, 507 [2003]).

Regarding claimant's failure to report severance pay in her 2001 application, she contends that she was never asked whether she was receiving severance pay and, thus, she could not have made a misrepresentation relating thereto. Inasmuch as the record reflects, however, that claimant answered "yes" when asked about "wage continuation" in her 1999 application for benefits, her contention that she did not understand "wage continuation" to mean severance pay in relation to her 2001 application was a question of credibility for the Board to resolve. Similarly, in light of the testimony by a Department of Labor employee that claimant's 2002 application included a statement that her date of termination was October 6, 2000 and not October 6, 1999, it was within the province of the Board to reject claimant's assertions that she never represented her last day of employment as October 6, 2000. Because the Board's determination that claimant made willful misrepresentations is supported by substantial evidence, it will not be disturbed. In light of this conclusion, there is no merit in claimant's contention that the Board's determination was time-barred by Labor Law § 597 (3).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.