In the Matter of the Claim of ERIC J. CUMMINGS, Appellant. COMMISSIONER OF LABOR, Respondent. [893 NYS2d 346]—

Claimant was employed as a customer field representative for a utility company. His duties included entering customers' homes to disconnect their meters, as well as accepting payments in the form of cash or check. In July 2006, claimant was arrested and charged with various crimes involving the alleged commission of insurance fraud. Claimant was suspended from his employment without pay pending the resolution of the criminal charges. In September 2006, claimant applied for unemployment insurance benefits and thereafter began receiving payments. Claimant subsequently pleaded guilty in November 2007 to the crime of attempted offering to file a false instrument, a misdemeanor, in full satisfaction of the charges. In January 2008, the employer terminated claimant's employment.

Following the termination, the Department of Labor issued a determination disqualifying claimant from receiving unemployment insurance benefits and charging him with a recoverable overpayment. After claimant failed to appear for a hearing he had requested on the matter, the determination was upheld on default. The matter was subsequently reopened and, following a hearing, an administrative law judge sustained the initial determination. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

Claimant contends that the Board's determination is not supported by substantial evidence insofar as his criminal conviction pertained to activities unrelated to his employment. We disagree. "Misconduct committed during nonworking hours, which raises serious questions as to a workers' integrity, bears a relationship to his work within the meaning of . . . section 593 of the Labor Law" (*Matter of Bruggeman [Roberts]*, 101 AD2d 973, 973 [1984], *lv denied* 63 NY2d 608 [1984] [citations omitted]; *accord Matter of Mora [Hartnett]*, 175 AD2d 442, 443 [1991]; *see Matter of Kessler [Commissioner of Labor]*, 286 AD2d 844, 845 [2001]). Accordingly, given the nature of claimant's employment duties, including entering customers' homes and accepting cash payments, we find no reason to disturb the Board's determination that his misconduct was sufficiently connected to his employment (*see Matter of Kessler [Commissioner of Labor]*, 286 AD2d at 845). Regarding the Board's determination that the benefits claimant received were recoverable, we find there is substantial evidence in the record supporting the Board's factual finding that claimant made a willful misrepresentation to obtain benefits (*see Matter of Bal [Commissioner of Labor]*, 52 AD3d 1122, 1123 [2008]; *Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 975 [2006]).

Cardona, P.J., Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.