Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 23, 2009, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant worked on a seasonal basis for a tax preparation company. During those periods in 2002 through 2007 when she was not working for the company, she applied for and received unemployment insurance benefits. During that time, claimant owned a 13-unit apartment complex with her husband and performed various activities in connection therewith during the relevant periods, but did not disclose this to the Department of Labor when certifying for benefits. As a result, in July 2008, the Department issued six notices of determination covering different time periods finding that claimant was ineligible to receive benefits because she was not totally unemployed, charging her with substantial recoverable overpayments and imposing lengthy forfeiture penalties. Following a hearing, the Administrative Law Judge upheld the notices of determination. Affirming this decision, the Unemployment Insurance Appeal Board ruled, among other things, that claimant made willful misrepresentations to obtain benefits and charged her with recoverable overpayments pursuant to Labor Law § 597 (4) totaling more than $59,000. Claimant appeals.
Claimant contends that she did not make willful misrepresentations to obtain benefits and, therefore, should not have been assessed penalties based on this finding. It is well settled that the question of whether a claimant had made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence (see Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 975 [2006]; Matter of Raspallo [Commissioner of Labor], 10 AD3d 751, 751 [2004]). “[P]roof of criminal intent to defraud is not required” (Matter of Sferlazza [Nassau Community Coll.— *730 Commissioner of Labor], 69 AD3d 1184, 1185 [2010]; see Matter of Barbera [Commissioner of Labor], 28 AD3d at 974). Here, claimant admitted that she performed a variety of tasks in connection with the apartment complex, including writing checks, answering the telephone and signing leases. Although she acknowledged receiving an unemployment insurance handbook advising that she was obligated to report all activities that were likely to produce income, she did not report these activities because she did not consider the apartment complex a business, but rather an investment that generated passive income. Notably, after conferring with a friend and discussing the matter with a Department representative, she disclosed in her 2005 application that the apartment complex was a business. However, she later changed her response in the questionnaire sent by the Department as well as in a follow up letter. Claimant testified that because the Department did not issue a determination after she submitted the questionnaire and letter, she assumed that she did not have to report the subject activities. Claimant’s testimony presented a credibility issue for the Board to resolve (see Matter of Meister [Commissioner of Labor], 43 AD3d 1243, 1244 [2007]) and the record contains substantial evidence that she made willful misrepresentations to obtain benefits. Therefore, we find no reason to disturb the Board’s decision.
Cardona, P.J., Feters, Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.