■ In the Matter of the Claim of FRANK J. VETRO, Appellant. HAMPTON BAYS UNION FREE SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [942 NYS2d 291]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 2010, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment through misconduct.

Claimant, a high school principal, resigned his position in lieu of termination following his arrest on multiple counts of aggravated harassment in connection with harassing phone calls allegedly made to various women, including a teacher at a different school. He ultimately pleaded guilty to two of the counts, which were later reduced to harassment in the second degree. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from his employment due to misconduct. While claimant points out that these convictions stemmed from activity unrelated to his employment, "[m]isconduct committed during nonworking hours, which raises serious questions as to a worker['s] integrity, bears a relationship to his [or her] work within the meaning of . . . the Labor Law" (*Matter of Cummings [Commissioner of Labor]*, 69 AD3d 1088, 1089 [2010] [internal quotation marks and citations omitted]; *see Matter of Rose [New York City Dept. of Social Servs.—Hudacs]*, 190 AD2d 926 [1993]; *Matter of McCallum [New York City Dept. of Transp. Bur. of Highways— Roberts]*, 126 AD2d 833, 833-834 [1987], *lv denied* 69 NY2d 613 [1987]).

The remaining arguments advanced by claimant have been examined and found to be unpersuasive.

Peters, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.