Determination of respondent, dated January 19, 2011, terminating petitioner’s tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Geoffrey D. Wright, J.], entered March 21, 2012), dismissed, without costs.
Substantial evidence supports respondent’s determination that petitioner engaged in drug-related criminal activity from her apartment in respondent’s facility (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). The police detective testified that a confidential informant bought illegal drugs from petitioner on three occasions, and that he recovered more than 70 ziplock bags of crack cocaine, a bag of marijuana, and items used in packaging and selling crack cocaine from her apartment. Petitioner did not deny that illegal drugs were recovered from her apartment, but claimed that the drugs belonged to a relative who was assisting her in recovering from surgery. However, petitioner did not dispute that she pleaded guilty to criminal possession of a controlled substance in the seventh degree based on the drugs that were found in her apartment, which was conclusive evidence of the underlying facts (see S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305 [1973]).
*435 The penalty of termination of petitioner’s tenancy does not shock the conscience because her drug-related activity endangered her neighbors and the community (see Matter of Feather-stone v Franco, 95 NY2d 550, 555 [2000]). Concur—Mazzarelli, J.E, Andrias, Saxe, Manzanet-Daniels and Gische, JJ.