■ In the Matter of the Claim of MICHAEL A. ENGEL, Appellant. COMMISSIONER OF LABOR, Respondent. [965 NYS2d 241]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 3, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as the result of an act constituting a felony in connection with such employment.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his "employment as a result of an act constituting a felony in connection with such employment" (Labor Law § 593 [4]; *see* Labor Law § 597). Claimant, a car salesperson, was fired after his arrest on charges stemming from, among other things, his surreptitious videotaping of individuals who used the bathroom of his home. The charges, which generated negative publicity and numerous customer complaints, ultimately were resolved when claimant pleaded guilty to one count of unlawful surveillance in the second degree. Given the public nature of claimant's position and the detrimental effect his continued employment could have had upon the employer's business, the Board properly determined that claimant's actions constituted a breach of an express or implied duty owed to the employer (*see Matter of Sinker [Sweeney]*, 89 NY2d 485, 488 [1997]; *Matter of Vetro [Commissioner of Labor]*, 94 AD3d 1321, 1321 [2012]; *Matter of Cummings [Commissioner of Labor]*, 69 AD3d 1088, 1089 [2010]; *Matter of Di Maio [Commissioner of Labor]*, 12 AD3d 756, 757-758 [2004]; *Matter of Bruggeman [Roberts]*, 101 AD2d 973, 974 [1984], *lv denied* 63 NY2d 608 [1984]).

Peters, P.J., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.