■ In the Matter of the Claim of DAMIAN M. CINTRON, Appellant. COMMISSIONER OF LABOR, Respondent. [973 NYS2d 891]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2012, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits upon finding that he made willful misrepresentations to obtain benefits.

Claimant was discharged from his employment as a warehouse employee when he failed to report to work, or call in to report his absence, in accordance with the employer's procedures, due to his arrest and incarceration on a charge of conspiracy in the fourth degree. In connection with his application for unemployment insurance benefits, claimant stated that he was not guilty of any wrongdoing related to his arrest. In September 2011, claimant pleaded guilty to a lesser count of conspiracy in the fifth degree, a misdemeanor, in satisfaction of the original charge. The Commissioner of Labor thereafter disqualified claimant from receiving unemployment insurance benefits. Following a hearing, the Administrative Law Judge (hereinafter

ALJ) upheld the determination that claimant lost his employment through misconduct, but overruled the initial determinations charging claimant with a recoverable overpayment of benefits and a forfeiture of effective days in future benefits. Claimant did not contest the finding of misconduct, but the employer appealed the ALJ's decision to the extent that it overruled the initial determinations regarding recoverable overpayment and penalties. Upon review, the Unemployment Insurance Appeal Board reversed the ALJ's decision to the extent that it was appealed, ruling that claimant made a willful misrepresentation to obtain benefits; thus, the Board sustained the initial determinations charging claimant with a recoverable overpayment and assessing a forfeiture penalty. Claimant appeals.

We affirm. There is substantial evidence in the record supporting the Board's finding that claimant's affirmative statement to the Department of Labor representative in June 2011 that he was not guilty of any wrongdoing in relation to his arrest was—in light of his subsequent guilty plea to a related crime thereafter—a willful misrepresentation made in order to obtain benefits (see Matter of Sterne [Commissioner of Labor], 104 AD3d 984, 984-985 [2013], lv denied — NY3d —, 2013 NY Slip Op 88917 [2013]; Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006]). While there is no question that claimant had the right to refuse to respond to any inquiries relating to his possible guilt in connection with his arrest and pending criminal charges, "neither the text nor the spirit of the Fifth Amendment confers a privilege to lie" (Brogan v United States, 522 US 398, 404 [1998]; see United States v Wong, 431 US 174, 179 [1977]; Bryson v United States, 396 US 64, 72, [1969]). Under these circumstances, including the fact that claimant did not challenge the finding of misconduct (see Matter of Grant [Commissioner of Labor], 294 AD2d 736, 737 [2002]), we find no basis to disturb the Board's ruling (see Matter of Barbera [Commissioner of Labor], 28 AD3d at 975; compare Matter of Benjamin [Hartnett], 175 AD2d 936 [1991]).

Stein, J.P., McCarthy, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.