Peters, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2012, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits upon finding that she made willful misrepresentations to obtain benefits.
Claimant was employed as a children’s services supervisor with the Ulster County Department of Social Services (hereinafter the employer). In June 2007, she was arrested and charged with felony and misdemeanor counts of criminal possession of a controlled substance after heroin was found in the car she was driving. Two days later, claimant was suspended without pay *1413 from her employment pending the resolution of the criminal charges. She applied for unemployment insurance benefits, informing a Department of Labor investigator that she was on disciplinary suspension due to her arrest and that she was “not guilty of any wrongdoing in connection with the arrest.” She thereafter began receiving benefits. Claimant was subsequently convicted of two misdemeanor counts of criminal possession of a controlled substance in the seventh degree arising out of the arrest. In June 2009, the employer terminated her employment.
Following claimant’s termination, an Administrative Law Judge (hereinafter ALJ) disqualified her from receiving unemployment insurance benefits on the ground that she had been separated from employment due to misconduct. This determination was later affirmed by the Unemployment Insurance Appeal Board. Thereafter, the Commissioner of Labor issued determinations charging claimant with a recoverable overpayment of benefits in the aggregate amount of $31,935 and reduced claimant’s right to receive future benefits by 16 effective days on the basis that she had made willful misrepresentations to obtain benefits. Following a hearing, the ALJ sustained the Commissioner’s determinations. The Board affirmed the ALJ’s decision, prompting this appeal.
Substantial evidence supports the Board’s finding that claimant’s affirmative statement to the Department’s investigator that she was “not guilty of any wrongdoing in connection with [her] arrest” was a willful misrepresentation made in order to obtain benefits (see Matter of Sterne [Commissioner of Labor], 104 AD3d 984, 984-985 [2013], lv denied — NY3d —, 2013 NY Slip Op 88917 [2013]; Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006]). In so concluding, we reject claimant’s assertion that this statement constituted an exercise of her constitutional right against self-incrimination for which she could not be penalized by the Board. While claimant unquestionably had the right to refuse to respond to any inquiries related to her possible guilt in connection with her arrest and the pending criminal charges, “neither the text nor the spirit of the Fifth Amendment confers a privilege to lie” (Brogan v United States, 522 US 398, 404 [1998]; see United States v Wong, 431 US 174, 178-179 [1977]; Bryson v United States, 396 US 64, 72 [1969]). By her response to the investigator’s inquiry as to whether she was, in fact, guilty of the crimes she was charged with, claimant “took a course that the Fifth Amendment gave [her] no privilege to take” (United States v Wong, 431 US at 179 [internal quotation marks and *1414 citation omitted.]),* and the jury’s verdict convicting her of knowingly possessing heroin at the time of her arrest conclusively established the falsity of her statement denying any wrongdoing (see generally S.T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305 [1973]; cf. Matter of Dougall v Rhea, 106 AD3d 434, 434 [2013]). Because the Board’s conclusion that claimant made a willful misrepresentation is supported by substantial evidence (see Matter of Cummings [Commissioner of Labor], 69 AD3d 1088, 1089 [2010]; compare Matter of Benjamin [Hartnett], 175 AD2d 936, 937 [1991]), it must be affirmed, even if there may be substantial evidence supporting the contrary conclusion (see Matter of Guynup [County of Clinton — Commissioner of Labor], 106 AD3d 1357, 1358-1359 [2013]).
Stein, McCarthy and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

 Claimant both informed the investigator that she had pleaded “not guilty” to the charges against her and also categorically denied any wrongdoing in connection with the arrest. Thus, we are unpersuaded by claimant’s assertion that the statement at issue was simply a recitation of her status under the law.