Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 2012, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits upon a finding that he made willful misrepresentations to obtain benefits.
Claimant, a civilian carpenter working at a state correctional *1109 facility, was discharged from his employment after he was arrested for attempting to smuggle contraband, hidden in his lunch pail, into the facility. The Unemployment Insurance Appeal Board found, among other things, that claimant engaged in disqualifying misconduct and made willful false statements to obtain benefits, and, therefore, reduced his right to receive future benefits and assessed a recoverable overpayment of benefits. Claimant appeals, challenging all but the finding of disqualifying misconduct.*
We affirm. “A ‘willful’ false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent . . . need not be shown” (Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006] [citations omitted]). Whether a willful false statement is made is a question of fact for the Board to resolve (see Matter of Sterne [Commissioner of Labor], 104 AD3d 984, 985 [2013], lv denied 22 NY3d 854 [2013]; Matter of Barbera [Commissioner of Labor], 28 AD3d at 975). Here, the record reveals that claimant informed the police upon his arrest that he knew that the drill bits found in his lunch pail were considered contraband and he was aware of the employer’s policy that bringing contraband into the facility was prohibited. Notwithstanding this admission, claimant informed the representative from the Department of Labor when questioned about his loss of employment that he was unaware of any wrongdoing on his part and had done nothing wrong. These inconsistent statements provide substantial evidence to support the Board’s finding that claimant made willful false statements (see Matter of Mathis [Commissioner of Labor], 110 AD3d 1412, 1413 [2013]; Matter of Barbera [Commissioner of Labor], 28 AD3d at 975). Furthermore, the record belies claimant’s contention that he was not given proper notice regarding the issues to be considered by the Board. Accordingly, we find no reason to disturb the Board’s decision.
Peters, EJ., Stein, Garry and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.

 At the time of the hearing, claimant withdrew his challenge to the finding of disqualifying misconduct.