Matter of Caldwell v Brezenoff (2021 NY Slip Op 00366)





Matter of Caldwell v Brezenoff


2021 NY Slip Op 00366


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 161541/18 Appeal No. 12928 Case No. 2019-04680 

[*1]In the Matter of Myrtle Caldwell, Petitioner,
v
Stanley Brezenoff, as Interim Chair of the New York City Housing Authority, et al., Respondents.


Brooklyn Defender Services, Brooklyn (Alexandra Dougherty of counsel), for petitioner.
Lisa Bova-Hiatt, New York (Hanh H. Le of counsel), for respondents.



Determination of respondents (collectively, NYCHA), dated August 10, 2018, which, after a hearing, sustained charges of nondesirability for possession and sale of a controlled substance, and terminated petitioner's tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered on or about August 1, 2019) dismissed, without costs.
Initially, we note that NYCHA cannot rely on the charge alleging breach of rules and regulations, which was not addressed in the administrative determination being challenged (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]).
Nonetheless, the determination is supported by substantial evidence in the record, given witness testimony that petitioner was observed selling crack cocaine outside a public housing development, from a car with out-of-state tags that had been identified by complaints to police, and evidence that twist bags of crack cocaine were recovered from her possession on two occasions (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). Petitioner's "drug-related activity endangered her neighbors and the community" (Matter of Dougall v Rhea, 106 AD3d 434, 435 [1st Dept 2013]; see Matter of Dubose v New York City Hous. Auth., 113 AD3d 423, 423 [1st Dept 2014]). Her plea to a lesser charge "does not affect [NYCHA]'s right to penalize the underlying conduct or render the evidence submitted at the hearing unsubstantial" (Matter of Whitted v New York City Hous. Auth., 110 AD3d 447, 448 [1st Dept 2013]).
Contrary to petitioner's contention, the specification of charges provided "specific grounds for termination" (24 CFR 966.4[l][3][ii]), and listed the single category of nondesirability for which petitioner and NYCHA submitted post-hearing arguments. There was no due process violation, since "[s]he was provided a hearing, was represented by counsel, submitted mitigating evidence, and testified on h[er] own behalf" (Matter of McCadney v Olatoye, 170 AD3d 626, 627 [1st Dept 2019]). Nor did the Hearing Officer violate lawful procedure by failing to comply with NYCHA's termination policy regarding the contents of the decision, as it discussed all relevant issues raised at the hearing, the specific findings as to whether the charges were proven, and the reasons therefor (see CPLR 7803[3]). Indeed, the Hearing Officer considered and rejected petitioner's testimony, and we perceive no grounds to overturn the Hearing Officer's credibility determinations (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Matter of Prado v New York City Hous. Auth., 116 AD3d 593, 593 [1st Dept 2014]).
Under the circumstances, we do not find the penalty shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck[*2], Westchester County, 34 NY2d 222, 233 [1974]; Matter of Hill v New York City Hous. Auth., 111 AD3d 462, 463 [1st Dept 2013]; Matter of Whitted, 110 AD3d at 448).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021